# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1697 | **DATE** | 7/3/2001 |
| **CASE TITLE** | SCHNADIG CORPORATION vs. COLLEZIONE EUROPA U.S.A. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Collezione's motion to dismiss or transfer is denied, and Collezione's motion to stay is granted.

(11) ☑ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JUL 0 5 2001 | 19 |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | FILED FOR DOCKETING | | |
| LG | courtroom deputy's initials | | 01 JUL -3 PM 5: 19 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

**DOCKETED**

JUL 0 5 2001

SCHNADIG CORPORATION,                    )
                                         )
      Plaintiff,                        )
                                         )
                                         )    No. 01 C 1697
      v.                                )
                                         )    Judge John W. Darrah
COLLEZIONE EUROPA U.S.A.,                )
                                         )
      Defendant.                        )


## MEMORANDUM OPINION AND ORDER

Plaintiff, Schnadig Corporation (Schnadig), filed a complaint against defendant, Collezione

Europa (Collezione), alleging patent infringement. Before the Court is defendant's Motion to

Dismiss, Transfer, or Stay the Proceedings.

On March 2, 2001, Collezione filed a complaint for declaratory action in the United States

Court for the Middle District of North Carolina against Schnadig. Collezione seeks a declaration

of non-infringement, invalidity, and unenforceability of United States Design Patent Nos. 422,811

(Patent 811) and 424,839 (Patent 839). On March 9, 2001, Schnadig filed suit against Collezione

in this District, alleging patent infringement of Patent 839. On May 2, 2001, Schnadig amended its

complaint, adding an allegation of infringement of Patent 811. Presently pending before the North

Carolina court is Schnadig's Motion to Dismiss or Transfer and before this Court, Collezione's

Motion to Dismiss, Transfer, or Stay the Proceedings.

Collezione argues that this suit should be dismissed to conserve judicial resources since the

North Carolina action was filed first. Schnadig does not dispute that the North Carolina action was

filed first or that the two cases involve a dispute over the same two patents. Schnadig argues that

the North Carolina court does not have subject matter jurisdiction over Patent 811; therefore, the suit in this Court should proceed because it is the only court with subject matter jurisdiction over both patents. Schnadig's motion to dismiss or transfer the North Carolina suit is presently pending in the North Carolina court.[1]

A federal court has a great deal of latitude and discretion to dismiss a suit for reasons of wise judicial administration. *Tripple Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Generally, when mirror-image suits are filed in two federal districts, the first case takes priority. "[W]here a declaratory judgment action and a mirror image patent infringement suit are filed, the general rule is that the forum of the first-filed suit is favored, regardless of whether it is the declaratory judgment action." *Solo Cup Co. v. Fort James Corp.*, 1999 WL 1140885 (N.D.Ill. Nov. 29, 1999) citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993). However, if jurisdiction cannot be obtained over a party or a claim, favoring the first-filed suit may not be appropriate. *See Colborne v. MC Retail Foods*, 1995 WL 470226 (N.D.Ill. Aug. 7, 1995) (*Colborne*).

Without the North Carolina court's ruling on the pending motion to dismiss or transfer, this Court is unable to determine if the first-to-file rule should be followed or if Schnadig has presented a compelling circumstance to allow this action to proceed. Accordingly, Collezione's Motion to Dismiss or Transfer is denied as premature. *See Colborne*, 1995 WL 470226 at * 1 (denying motion to dismiss because the jurisdiction of the court of the first-filed suit was in question).

---

[1] The parties' briefs do not indicate the basis of Schnadig's motion before the North Carolina court. In its response to this motion, Schnadig argues at length that the North Carolina court does not have subject matter jurisdiction over Patent 811. Presumptively, this is the same basis of Schnadig's motion to dismiss before the North Carolina court.

2

In the alternative, Collezione seeks to stay the present case pending the disposition of the North Carolina action. The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted).

Schnadig argues that there is no justification to stay this action because the facts clearly establish that the North Carolina court does not have subject matter jurisdiction over Patent 811. However, that is a determination to be made by the North Carolina court, not this Court.

The reasonable course in the present case is to stay the action until the North Carolina court decides the jurisdiction and transfer matters before it. If the North Carolina court grants the motion and dismisses or transfers that case, then this Court will lift the stay, and this action will proceed. If the North Carolina court denies the motion to dismiss or transfer, then this Court can consider whether the present case should be dismissed. *See Colborne*, 1995 WL 470226 at * 1 (finding that staying the second-filed suit appropriate when a motion to dismiss for lack of jurisdiction was pending in the first-filed action).

For the reasons stated above, Collezione's Motion to Dismiss or Transfer is denied, and Collezione's Motion to Stay is granted. The parties are instructed to submit the North Carolina court's ruling on the presently pending motion to dismiss or transfer to this Court as soon as it is issued.

Dated: July 3, 2001

JOHN W. DARRAH
United States District Judge

3